IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

|  |  |  |
|---|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| SHRIJI PROPERTIES, LLC, SHRIJI 9 LLC, TEJASH SHAH, MIHIR PATEL, and GRAYLING BRYANT, | : | |
| Defendants. | : | |

_____

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW**, Auto-Owners Insurance Company, PLAINTIFF in the above-styled action, and files this Complaint for Declaratory Judgment, showing this Honorable Court the following:

### JURISDICTION AND VENUE

1.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Auto-Owners Insurance Company and the above-named Defendants, and the amount in controversy exceeds $75,000.00.

2.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

3.

There is a real, substantial and justiciable controversy between the parties concerning their respective rights and obligations to an insurance policy issued by Plaintiff Auto-Owners Insurance Company to Defendants Tejash Shah and Mihir Patel. Plaintiff brings this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq*.

4.

The policy under which the Defendants claim they are entitled to coverage provides coverage for real property located in the State of Georgia.

**THE PARTIES**

6.

This action arises out of an alleged incident that occurred on or about February 28, 2023 at a convenience store operated by Defendant Shriji 9, LLC located at 1022 South Main Street, Sylvania, Screven County, Georgia, 30467.

7.

Plaintiff Auto-Owners Insurance Company (hereinafter, "Auto-Owners") is a foreign insurance company with its principal place of business in the State of Michigan.

8.

Defendant Shriji Properties, LLC is a Georgia limited liability company authorized to do business in Georgia, with its principal place of business located in Statesboro, Bulloch County, Georgia.  Defendant Shriji 9, LLC may be served with process through its registered agent, Tejash Shah, located at 1206 Plantation Circle, Statesboro, Bulloch County, Georgia, 30458.  Defendant Shriji Properties, LLC is subject to the jurisdiction and venue of this Court.

9.

Defendant Shriji 9, LLC is a Georgia limited liability company authorized to do business in Georgia, with its principal place of business located in Statesboro, Bulloch County, Georgia.  Defendant Shriji 9, LLC may be served with process through its registered agent, Tejash Shah, located at 1206 Plantation Circle, Statesboro, Bulloch County, Georgia, 30458.  Defendant Shriji 9, LLC is subject to the jurisdiction and venue of this Court.

10.

Defendant Tejash Shah is an individual domiciled in Bulloch County, Georgia who may be served with process at 1206 Plantation Circle, Statesboro, Georgia, 30458.  Defendant Tejash Shah is subject to the jurisdiction and venue of this Court.

11.

Defendant Mihir Patel is an individual domiciled in Effingham County, Georgia, who may be served with process at 332 Saint Andrews Road, Rincon, Georgia, 31326. Defendant Mihir Patel is subject to the jurisdiction and venue of this Court. Defendant Tejash Shah is subject to the jurisdiction and venue of this Court.

12.

Defendant Grayling Bryant is an individual domociled in Screven County, Georgia who may be served with process at 606 Davis Street, Sylvania, Georgia, 30467. Defendant Grayling Bryant is subject to the jurisdiction and venue of this Court.

**FACTS**

**A. THE POLICY**

13.

Auto-Owners Insurance Company issued policy number 224618-80051309-22 to TJ Shah, Mihir Patel, d/b/a Shriji 9, LLC effective September 8, 2022 to September 8, 2023 (hereinafter "the Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A".

14.

The Policy is a "Tailored Protection Policy" that included coverage for commercial property located at 1022 South Main Street in Sylvania, Georgia, where a convenience store is operated.  (See, Exhibit "A", p. 13.)

15.

The provisions of the Policy, which are relevant to the instant action, are as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured. Other words and phrases that appear in quotation marks have special meaning. Refer to Section V - Definitions.

...

1. **Insuring Agreement**
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      (1) The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A or B** or medical expenses under Coverage **C.** No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period;

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section II - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

(See, Exhibit "A", p. 114.)

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**

. . .

2.    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2) Authorize us to obtain records and other information;

    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

(See, Exhibit "A", pp. 122-123.)

## SECTION V - DEFINITIONS

. . .

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

. . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. . . .

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

(See, Exhibit "A", pp. 124-127.)

**COMMERCIAL GENERAL LIABILITY PLUS COVERAGE**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

. . .

5. **BROADENED KNOWLEDGE OF OCCURRENCE SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS, 2. Duties In The Event Of Occurrence, Offense, Claim Or Suit** is amended. The following condition is added.
   a. Paragraphs **a.** and **b.** of this condition will not serve to deny any claim for.failure to provide us with notice as soon as practicable after an "occurrence" or an offense which may result in a claim:
      (1) If the notice of a new claim is given to your "employee"; and
      (2) That "employee"fails to provide us with notice as soon as practicable.
   b. This exception shall not apply:
      (1) To you; or
      (2) To any officer, director, partner, risk manager or insurance manager of yours.

(See, Exhibit "A", pp. 107-108.)

## B. THE CLAIM

16.

On October 10, 2023, Defendant Grayling Bryant filed a civil lawsuit in the

State Court of Bulloch County against Shriji 9, LLC.  Defendant Bryant alleged

injuries claiming he fell in the convenience store located at 1022 South Main Street in Sylvania on or about February 28, 2023.

17.

Although Plaintiff's insureds had knowledge of the subject incident on the date it allegedly occurred, Plaintiff was not notified of Defendant Bryant's claim against Plaintiff's insureds or the allegations made by Defendant Bryant until August 18, 2023.

18.

By the time Plaintiff was notified of the claim on August 18, 2023, nearly six (6) months after the alleged occurrence, Plaintiff's insureds had no video surveillance from the date Defendant Bryant alleged he fell.  Such video surveillance would have been preserved and available for evaluation had Plaintiff received timely notice of the claim.

19.

On August 24, 2023, Plaintiff informed its insureds of the conditions precedents to coverage and reserved Plaintiff's right to deny coverage. (See, Exhibit "B".)

**COUNT I:**

**THERE IS NO COVERAGE BECAUSE PLAINTIFF'S INSUREDS FAILED TO TIMELY NOTIFY PLAINTIFF OF THE CLAIM, AND THUS PLAINTIFF WAS PREJUDICED**

20.

Plaintiff hereby incorporates by reference paragraphs 1-19 as if fully restated herein.

21.

Pursuant to Plaintiff's aforementioned policy provisions, Plaintiff's insureds breached their duty to timely notify Plaintiff in the event of an occurrence, offense, claim, or suit.

22.

Plaintiff's insureds' duty to timely notify Plaintiff in the event of an occurrence, offense, claim, or suit is a valid condition precedent to coverage under Plaintiff's aforementioned policy.

23.

The delay in notifying Plaintiff of Defendant Bryant's claim was unreasonable.

24.

Plaintiff's insureds' breach of the condition precedent to coverage under the policy proximately caused Plaintiff to be prejudiced in its ability to immediately and thoroughly investigate the facts and circumstances of the claim.

25.

Accordingly, there is no coverage for the injuries and damages alleged by the Defendant Grayling Bryant.

## COUNT II:

## REQUEST FOR DECLARATORY RELIEF

26.

Plaintiff hereby incorporates by reference paragraphs 1-25 as if fully stated herein.

27.

Plaintiff is in doubt as to its rights and obligations under the Policy numbered 224618-80051309-22 and seeks a declaration from this Court as to how to proceed.

28.

Plaintiff asks this Court to declare there is no coverage or a duty to defend under the Policy in connection with the alleged loss(es) arising out of the incident at 1022 South Main Street in Sylvania, Georgia on February 28, 2023, under the terms of the Policy and under the law.

29.

Plaintiff further seeks a declaration from this Court that it is not obligated to spend any sums on behalf of its named insureds, additional insureds, and / or any

other purported insured with regard to any claims arising out of the subject occurrence, including but not limited to a duty to defend and a duty to indemnify.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**WHEREFORE** Plaintiff, Auto-Owners Insurance Company, respectfully requests this Honorable Court to declare and enter judgment as follows:

a. The Court declare that Auto-Owners Insurance Company's policy numbered 224618-80051309-22 does not provide coverage for any claims arising out of the February 28, 2023 alleged incident;

b. That the Court declare that Auto-Owners Insurance Company is not obligated to defend, indemnify, or expend any sums on behalf of its named insureds, additional insureds, or any other purported insured for any damages of bodily injury arising out of the February 28, 2023 incident;

c. That judgment be entered in Plaintiff's favor against all Defendants;

d. That this Court bind each and every named party herein by said judgment;

e. That this Court award Plaintiff all costs, expenses, and attorney's fees that it is entitled to receive under federal and / or state law; and

F.      That the Court award such further relief as may be deemed appropriate.

**Respectfully submitted**, this 19th day of March, 2024.

| | |
|---|---|
| Bullard, Wangerin, & Corbett, LLP | */s/ Dan Bullard, IV* |
| P.O. Box 28107 | **DAN BULLARD, IV** |
| Macon, GA 31221 | Georgia Bar No. 094194 |
| (478) 757-8500 | |
| dbullard@bgwlawfirm.com | */s/ Kevin A. Wangerin* |
| wangerink@aol.com | **KEVIN A. WANGERIN** |
| | Georgia Bar No. 736520 |